```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     BLUEFIELD DIVISION
```

**STEVE LAMBERT,**

    **Movant,**

**v.**                          **Civil Action No. 1:04-0276**
                                   **Criminal Action No. 1:01-00237-02**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION

Pursuant an accompanying Judgment Order, in which the court overrules movant's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation [hereinafter "Findings and Recommendation" or "F & R"], the court now issues its Memorandum Opinion.  In his F & R, the magistrate judge recommended that this court deny movant's motion to reduce sentence (Doc. No. 2) because post-sentencing changes in the United States Sentencing Guidelines ("Guidelines") do not change movant's Guideline range.  Movant filed objections, and the court conducted a de novo review of the record.  For the reasons below, the court agrees with the findings of the magistrate judge.

### I.  Factual Background

On March 18, 2002, movant pled guilty to conspiracy to distribute oxycodone in violation of 21 U.S.C. § 843.  (Criminal Action No. 1:01-00237-2, Doc. Nos. 97 & 99.)  In accordance with the provisions of U.S.S.G. § 2D1.1 (Drug Table) in effect at the

time, movant was sentenced to a 78-month term of imprisonment. (Criminal Action No. 1:01-00237-2, Doc. No. 140.)

Movant asks this court to reduce his sentence based on an amendment made to the United States Sentencing Guidelines ("Guidelines") after movant's sentencing.  When the Sentencing Commission changes the Guidelines pursuant to 28 U.S.C. 994(o) after a criminal defendant is sentenced, a court may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(2).  Guidelines Amendment 657 is such an amendment.  It changes Note B to U.S.S.G. § 2D1.1 by adding a new paragraph stating that "[t]he term Oxycodone (actual) refers to the weight of the controlled substance, itself, contained in the pill, capsule, or mixture." U.S.S.G. App. C Amend. 657.

Because the drug weight for movant's sentencing was calculated under the old rule which included the weight of the oxycodone pills in the calculation, the drug weight attributable to him was higher than it would be under th new rule.  However, as the magistrate judge explains in his proposed F & R, the change in drug weight attributable to movant does not change movant's Guideline range because he maintains the same offense level under both rules.  (See Doc. No. 5 at 3-4) (explaining how the drug weight attributable to movant is calculated under the old and new rule).  Thus, because movant's Guideline range

-2-

remains the same under the new and old rule, § 3582(c)(2) does not authorize this court to lower movant's sentence. Accordingly, Magistrate Judge VanDervort recommended that this court deny movant's motion.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  On May 14, 2004, movant filed timely objections to the magistrate judge's proposed F & R.  Movant does not dispute the magistrate judge's calculations and conclusions regarding a change in movant's sentence pursuant to § 3582(c)(2). (Doc. No. 6 at 1.)  Instead, movant makes a new argument.  He asks this court to lower his sentence based on testimony revealed at the sentencing of one of movant's co-conspirators, Mr. Butchie Dion Justice.  (Id. at 2.)  Movant alleges that witness Jonna Newcomb lied about the amount of cocaine she saw in the possession of movant's co-defendants, Mr. Justice and Mr. Jeff Lambert.  (Id.)  Movant alleges that at Mr. Justice's sentencing, Newcomb was impeached, and that her testimony about cocaine weight attributable to the conspirators, including movant, was therefore found not credible.  (Id.)  Movant alleges that Mr. Justice received a lower sentence than movant because of Ms. Necomb's allegedly discredited testimony.  (Id.)  As such, movant argues that his sentence should be lowered too.  (Id.)

## II. Analysis

Movant fails to point to any specific error in the magistrate judge's F & R.  Instead, he states wholly new reasons for reducing movant's sentence.  The court has conducted a de novo review and can find no error in the magistrate judge's F & R.  Moreover, the court finds no merit in movant's new arguments because this court is without authority to amend movant's sentence upon a motion by movant alone.

A judgment in a criminal case is final and may be modified only in accordance with specific statutory provisions.  18 U.S.C. § 3582(c) (stating that "[t]he court may not modify a term of imprisonment once it has been imposed except [list of methods]").  The methods of modifying a sentence are as follows.  First, on motion of the Director of the Bureau of Prisons, the court may reduce a sentence under certain conditions (1) if the court finds that there are "extraordinary and compelling reasons" to reduce the sentence or (2) if the defendant is over 70. § 3582(c)(A).  Next, on motion of the United States, the court may reduce a sentence pursuant to Federal Rule of Criminal Procedure 35.  § 3582(c)(B).  Finally, on motion by a variety of sources, including the person sentenced, the court may reduce a sentence if the Sentencing Commission later makes changes to the Guidelines pursuant to 28 U.S.C. § 994(o) that benefit the person sentenced.  18 U.S.C. § 3582(c)(2).  Under this statute, movant's

new arguments fail because a sentence may not be reduced for the reasons he presents on a motion made by the person sentenced. Accordingly, movant's objections are OVERRULED.

Having reviewed the Findings and Recommendation filed by Magistrate Judge VanDervort, the court (1) CONFIRMS and ACCEPTS the factual and legal analysis within the magistrate judge's Proposed F & R, (2) DENIES movant's motion pursuant to 18 U.S.C. § 3582(c), and (3) DISMISSES this matter from the court's active docket.

### III. Conclusion

The Clerk is directed to forward a copy of this Memorandum Opinion to all counsel of record and the movant, pro se.

IT IS SO ORDERED this 8th day of August, 2006.

ENTER:

David A. Faber
Chief Judge